**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GERARDO HERNANDEZ-REYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 3:26-1958 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court are Petitioner Gerardo Hernandez-Reyes' Petition for Writ of Habeas Corpus, (Docket No. 1), and the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 12). Petitioner, a native of the Dominican Republic, unlawfully entered the United States on December 14, 2022 near El Paso, Texas, was briefly detained and then paroled as an alternative to detention. (Docket No. 1 at ¶¶ 17-18). Petitioner's parole expired on February 14, 2023. (*Id.* at ¶¶ 20-22). He asserts that he has been in the U.S. since that time, has no criminal history, had a valid work authorization, applied for asylum and has complied with immigration instructions. (*Id.* at ¶¶ 22-24). He had an individual hearing in his immigration case on October 15, 2026, at which time his applications for relief were denied and he was ordered removed to the Dominican Republic. (Docket No. 12 at 2-3). Any appeal to the order of removal is due by November 13, 2026. (*Id.*).

Petitioner was arrested on August 6, 2026 in the Bronx, New York and is detained in immigration custody at the Moshannon Valley Processing Center. (Docket No. 1 at ¶¶ 2, 25). He appeared for a custody redetermination hearing on September 10, 2026 but his request for bond was denied for lack of jurisdiction as the IJ found that he was subject to mandatory detention under § 1225(b). (*Id.* at 2, ¶¶ 40-43). Petitioner asserts that he is subject to discretionary detention

pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). Respondents concede that this matter is properly characterized as a *Hurtado* or *Q. Li* case and that the U.S. Court of Appeals for the Third Circuit's decision in *Buele Morocho v. Warden*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) controls the disposition of this matter. (Docket No. 12). They suggest that "granting the petition to the extent that it seeks an individualized bond hearing under § 1226(a) in the immigration court would satisfy due process." (Docket No. 12 at 4).

After careful consideration of the parties' positions, the binding authority from the U.S. Court of Appeals for the Third Circuit in *Buele Morcho* and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[1] for the Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[2] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 4th day of November, 2026,

---

1 *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. Jul. 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. Jul. 30, 2026); *Lopez Garcia v. Guadian et al.*, No. 25-7044, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

2 *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART. Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

IT IS FURTHER ORDERED that within fourteen (14) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing;

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record